IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01951-ZLW

EARNEST ORTEGON,

    Plaintiff,

v.

BARRY BURRAKER, and
DONALD DECROW,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 1 9 2009

GREGORY C. LANGHAM
CLERK

---

## ORDER DENYING MOTION TO RECONSIDER

Plaintiff, Earnest Ortegon, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Crowley County Correctional Facility. Mr. Ortegon filed a letter to the Court on November 9, 2009. The Court must construe the pleading liberally because Mr. Ortegon is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The November 9, 2009, letter, therefore, will be construed as a Motion to Reconsider and will be denied for the reasons stated below.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *See id.* at 1243. Mr. Ortegon's motion to reconsider, which was filed more than ten days after the

Judgment was entered in this action, will be considered pursuant to Fed. R. Civ. P. 60(b).  Relief under Rule 60(b) is appropriate only in extraordinary circumstances.  *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

On September 4, 2009, Magistrate Judge Boyd N. Boland entered an order granting Plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this action.  On October 23, 2009, the Court dismissed this action because Mr. Ortegon failed either to pay an initial partial filing fee of $7.00 or to show cause why he has no assets and no means to pay the initial partial filing fee by filing a current certified copy of his trust fund account statement, as required by Magistrate Boyd N. Boland's September 4, 2009, Order.

Mr. Ortegon's Motion to Reconsider does not address his failure to comply with Magistrate Judge Boland's September 4, 2009, Order.  Instead, Mr. Ortegon merely submits a current trust fund statement that is properly certified, and requests that he be allowed to proceed with the action.  Mr. Ortegon does not identify any reason why he was not able to provide a current, certified trust fund statement to the Court within the deadline set forth in the September 4, 2009, Order.

The Court, therefore, concludes that Mr. Ortegon fails to demonstrate some reason why the Court should reconsider and vacate the October 23, 2009, Order of Dismissal.  Mr. Ortegon is reminded that the instant action was dismissed without prejudice, and he may, if he desires, seek to file a new action.  Accordingly, it is

2

ORDERED that the letter filed on November 9, 2009, is construed as a Motion to Reconsider, filed pursuant to Fed. R. Civ. P. 60(b), and is DENIED.

DATED at Denver, Colorado, this _19_ day of _____November_____, 2009.

BY THE COURT:


ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01951-BNB

Earnest Ortegon
Prisoner No.  137144
CMC/ACC
P.O. Box 300 - Unit E
Cañon City, CO 81215-0300

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on _11|19|09_

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk